IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-723C |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC ("Grunley-Walsh"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining

allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. Admits the remaining allegations contained in paragraph 6 to the extent supported by Task Order 35, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 6.

7. Denies the allegations contained in the first and second sentences of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the Olin Partnership is a subcontractor of Grunley-Walsh. Admits the allegation contained in the third sentence of paragraph 3 that prior to the award of Task Order 35, an irrigation system had been the subject of numerous discussions; denies the remaining allegations contained in the third sentence of paragraph 7. Avers that prior to the award of Task Order 35, an irrigation system had not been the subject of prior design submissions to or by the National Park Service. Admits the allegation contained in the fourth sentence of paragraph 7 that Grunley-Walsh was “aware” that an irrigation system was being developed insofar as Grunley-Walsh was responsible for

designing the irrigation system pursuant to Task Order 28; denies the remaining allegations contained in the fourth sentence of paragraph 7.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first, second, and third sentences of paragraph 9 to the extent supported by the October 6, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first, second, second, and third sentences of paragraph 9. Denies the allegations contained in the fourth sentence of paragraph 9.

10. The allegations contained in the first sentence of paragraph 10 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 10.

11. The allegations contained in paragraph 11 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits the allegation contained in the first sentence of paragraph 12. Avers that the Olin Partnership is a subcontractor of Grunley-Walsh. Denies the allegations contained in the second sentence of paragraph 12. Admits the allegations contained in the third sentence of paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 12.

13. Admits the allegation contained in the first sentence of paragraph 13 that the irrigation system contemplated by Grunley-Walsh was too expensive; denies the remaining allegations contained in the first sentence of paragraph 13. Avers that the May 2003 100 percent Design Development documents did not include a design for the irrigation system. Admits the allegation contained in the second sentence of paragraph 13 that Grunley-Walsh was required to design an irrigation system that would satisfy the Government's needs for an established price; otherwise, denies the allegations contained in the second sentence of paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the National Park Service did not issue the 90 percent construction documentation in November 2003. Admits the allegation contained in the second sentence of paragraph 14 that Grunley-Walsh "knew" that an irrigation design was being developed insofar as Grunley-Walsh was responsible for designing the irrigation system pursuant to Task Order 28; denies the remaining allegations contained in the second sentence of paragraph 14.

15. Denies the allegation contained in the first sentence of paragraph 15. Denies the allegations contained in the second sentence of paragraph 15 as to what Grunley-Walsh "contemplated" for lack of knowledge or information sufficient to form a belief as to their truth; denies the remaining allegations contained in the second sentence of paragraph 15. Admits the allegation contained in the third sentence of paragraph 15 that the water supply source for the irrigation system needed to be resolved in the design; denies that there was a "redesign;" denies the remaining allegations contained in the third sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies.

17. Admits the allegation contained in the first sentence of paragraph 17 that after the award of Task Order 35, the design of the irrigation system went through numerous iterations; denies the remaining allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second sentence of paragraph 17 to the extent supported by the drawings and specification cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second sentence of paragraph 17. Avers that the National Park Service did not issue drawings and specifications regarding the irrigation system in February 2004. Denies the allegation contained in the third sentence of paragraph 17 that there was a "$338,000 contract allowance;" denies the remaining allegations contained in the third sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in the first sentence of paragraph 18. Denies the allegations contained in the second sentence of paragraph 18 as to what Grunley-Walsh "understood" for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 18. Avers that during the Spring and Summer of 2004, design alterations were discussed.

19. Denies the allegations contained in the first sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that no drawings or specifications were issued by the National Park Service on September 25, 2004. Admits the allegations contained in the second sentence of paragraph 19 to the extent supported by the September 24, 2005 drawings cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second sentence of paragraph 19. Denies the allegations

contained in the third sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegations contained in paragraph 20 to the extent supported by Modification No. 4, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits.

22. Denies the allegation contained in paragraph 22 that the work constituted "change work;" denies the allegations contained in paragraph 22 as to what Grunley-Walsh "originally contemplated" for lack of knowledge or information sufficient to form a belief as to their truth; admits that Grunley-Walsh had numerous problems and issues in performing the irrigation work; denies the remaining allegations contained in paragraph 22.

23. Denies the allegations contained in the first sentence of paragraph 23. Denies the allegation contained in the second sentence of paragraph 23 that any "building foundations" were present; admits the remaining allegations contained in the second sentence of paragraph 23. Denies the allegations contained in the third sentence of paragraph 23 as to what Grunley-Walsh knew or "would have" done for lack of knowledge or information sufficient to form a belief as to their truth; denies the remaining allegations contained in the third sentence of paragraph 23. Avers that pursuant to Task Order 22, Grunley-Walsh was to perform "Supplemental Services for Geotechnical Investigation, Site Survey, and Core Drilling Supporting the Washington Monument Physical Security System."

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in the first sentence of paragraph 25. Admits the allegation contained in the second sentence of paragraph 25 that bypass lines were installed; denies the remaining allegations contained in the second sentence of paragraph 25. Admits the allegation contained in the third sentence of paragraph 25 that the bypass lines permitted the irrigation system to draw water from the District of Columbia; denies the remaining allegations contained in the third sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Admits the allegations contained in the first sentence of paragraph 26 to the extent supported by Modification No. 7 to Task Order 35, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 26. Denies the allegations contained in the second sentence of paragraph 26.

27. Admits the allegation contained in paragraph 27 that the National Park Service directed Grunley-Walsh to procure two water cannons; denies the remaining allegations contained within paragraph 27.

28. Admits the allegations contained in paragraph 28.

29. Denies the allegations contained in the first sentence of paragraph 29. Avers that National Park Service employees operated fire hoses to provide irrigation. Denies the allegations contained in the second sentence of paragraph 29. Avers that the National Park Service employees could work additional hours and on weekends with the approval of the Chief of Maintenance.

30. Denies the allegations contained in paragraph 30. Avers that it was the responsibility of Grunley-Walsh to provide irrigation for the sod.

31. Denies.

32. Denies.

33. Admits the allegations contained in paragraph 33 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the Certified Claim cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 34.

35. The allegations contained in paragraph 35 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Defendant's responses to paragraphs 1 through 35 of the complaint are incorporated by reference.

37. The allegations contained in paragraph 37 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 38, or to any relief whatsoever.

______40. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

41. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

42. Plaintiff’s claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

February 5, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 5[h] day of February 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle